McDonald v. Morgan.

## WILLIAM McDONALD v. JAMES MORGAN.

A verdict will not be disturbed simply because the evidence on which it was based was contradictory.

From the foundation of our government it has been, and still continues to be, the general custom of civil officers to use initial letters or parts of words for the purpose of indicating the official capacity in which they are acting. This custom has been a matter of general knowledge and notoriety; and the courts will recognize the official character of such signatures, especially when the body of the instrument, in connection with the law and the purpose of the official act, clearly denotes the signification of such initials or contractions.

A deed purporting to convey land in Liberty county was made in 1837, with four subscribing witnesses, one of whom, on the 13th of March, 1838, made affidavit to its execution before a person who certified to the affidavit by the signature of " George W. Miles, R. L. C." Following the affidavit was a certificate of the record of the deed on the 4th of May, 1838, with the caption of " Republic of Texas, Liberty county," and also subscribed " George W. Miles, R. L. C." *Held*, in view of the act of February 5th, 1841, that it appears with reasonable certainty from the certificates that the deed was proved before, and recorded by the clerk of the County Court and *ex officio* recorder of Liberty county.

The law recognizes but one christian name. That a witness in subscribing to a deed signs with the initial letter of a middle name, but in proving the deed by affidavit omits in his signature the initial letter, is wholly immaterial.

APPEAL from Polk. Tried below before the Hon. James M. Maxcy.

The main facts of this case appear sufficiently in the opinion of the court. The witness referred to in the opinion subscribed the deed by the signature of " John S. Preston," but signed his affidavit to its execution by the name of "John Preston."

Verdict and judgment below for the plaintiff, Morgan, and new trial refused.

*Cleveland* and *H. N. & M. M. Potter*, for the appellant.

*Allen & Hale*, for the appellee.

MOORE, J.—This suit is an action of "trespass to try title," brought by the appellee, Morgan, as plaintiff in the court below, against McDonald, the appellant, to recover possession and try the title of a league of land granted on the 3d of May, 1835, to Wm. Pace, a colonist in Vehlein's colony. The errors assigned by the appellant are:

1st. In admitting the deed from Wm. Pace to James Morgan, offered in evidence by the plaintiff.

2d. The verdict of the jury was contrary to the charge of the court, and the evidence in the case.

3d. The refusal of the court to grant a new trial.

The last assignment is but a repetition of the other two; for the only grounds upon which a new trial was asked are those set forth in the first and second assignments of error. If the first assignment is not well taken, there was evidently evidence before the jury upon which they might have found their verdict. The most that can be said is that it was contradictory, both in reference to the length of possession by the appellant's vendor, and the number of acres claimed by him. The court, as is well established, will not in such cases disturb the verdict, and it is therefore only necessary for us to consider the question presented by the first assignment of error.

The grounds of objection to the deed offered in evidence by the appellee were:

" 1st. Because the same had not been proven by the subscribing witness thereto. .

"2d. Because the said deed had not been duly registered, nor duly authenticated for registry. That there was nothing contained in the certificate of authentication nor the certificate of registration which showed that the authentication was made before an officer authorized to authenticate the same, or that it was made before any officer."

The deed purports to have been executed in Liberty county, in which the land was then situated, and was authenticated for record by John Preston, whose name appears upon it as a subscribing witness, and who says in his affidavit that "he saw William Pace execute the foregoing conveyance; that he subscribed his name thereto as a witness, and that he knew the said Pace to be the individual described in, and who executed the said conveyance." That the witness in one instance signed with the initial letter of a middle name, and does not in the other, is wholly immaterial. The law, as has frequently been said by this court, recognizes but one christian name.

This affidavit was made on the 13th day of March, 1838, before "George W. Miles, R. L. C," and is followed by the following certificate:

"Republic of Texas—Liberty county.

"This is to certify that the within conveyance and certificate are entered on record in my office on the 4th day of May, in the year 1838, in record book B., pages 103, 104 and 105.

"GEORGE W. MILES, R. L. C."

The law of December 20th, 1836, which was in force when this deed was recorded, is somewhat confused, if not contradictory, in its provisions respecting the authentication and record of deeds. (Paschal v. Perez, 7 Tex., 348.) It is not, however, necessary for us to attempt their elucidation in the present case. The necessity of doing so with reference to it is obviated by the 20th section of the act of limitations of February 5, 1841, which validates the record of deeds and other instruments previously recorded, provided they were acknowledged by the grantor or proved by one of the subscribing witnesses before "any chief justice of the County

---

McDonald  v.  Morgan.

---

Court, any notary public, or the clerk of the County Court in whose office such record is proposed to be made." If it appears from the certificates attached to this deed that it was proved for record before one of the above named officers, it must be held, since the enactment of this law as duly recorded, if this was not previously the fact. We are of the opinion that it does appear with reasonable certainty, from the certificates attached to the deed, that it was proved before the clerk of the County Court of Liberty county where the record of said deed was made. The law of December, 20th, 1836, under which the deed was proved and recorded, says that clerks of the County Courts shall be recorders for their respective counties. The party who attaches the certificates to the deed certifies that it is recorded in his office, which it shows is in Liberty county. What office should this be? Unquestionably it might and would be designated either that of clerk of the County Court or recorder of Liberty county, and by the latter title he has evidently, by the letters "R. L. C.," which he attaches to his name, indicated the official character in which he was acting. From the very foundation of our government it has and continues to be the general habit and custom with such officers, as well as those of almost every grade, to use parts of words or letters to indicate the official capacity in which they are acting. Their use in this way has become a matter of general information and notoriety, and as the counsel for the appellee remarks, the "courts are not bound to be ignorant of their meaning," especially when the body of the instrument, in connection with the law, and purpose for which it was given, clearly point to and indicate their signification.

Other questions are specified by counsel, but as they are not presented by the assignment of errors it is not necessary that we should notice them.

There is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.