W. A. GLENN ET AL. v. A. H. ASHCROFT.

(No. 910.)

PRACTICE — EVIDENCE — MINORITY.— It is not error to refuse to admit evidence of the minority of a party, to defeat the defense of limitation, when not asserted by the pleadings.

EVIDENCE — RECORDS, HOW PROVED.— By original minute book or certified copy.

NOTARY PUBLIC.— Abbreviation of "N. P." sufficient when appended to the signature of one who appears to be acting in an official capacity.

APPEAL from Cooke county.   Opinion by WATTS, J.

STATEMENT.— This action of trespass to try title was brought by appellants, to which appellee, in addition to the plea of "not guilty," interposed the defense of five and ten years' limitation.   The only reply to this defense was a special denial, which had no other effect than if the reply had been by general denial.   It is claimed that the court erred in refusing to admit evidence as to the minority of appellants, so as to defeat the defense of limitation. This evidence was excluded because the appellants had not set up their non-age as a reply to the defense of limitation, and there was no error in this ruling.   The disability should have been asserted by them.   It is like a plea of confession and avoidance.   Unless asserted by the pleadings it cannot be proved.   Childress v. Grim, 57 Tex., 59.

OPINION.— It is objected that the court admitted as evidence the minute book of the county court in which the judgment in the case of J. A. Chuck v. J. J. Glenn was entered.   The point made is that the judgment could only be established by a certified copy, and that the original minute book was not admissible.   The statute which authorizes such certified copies to be used in evidence provides that they can only be used where the records themselves would be admissible.   The error here complained of is not well assigned.   Evitts v. Roth, 61 Tex., 81.   The several objections made to the admission of the execution, *venditioni exponas* and sheriff's deed are not well taken.   It appears with sufficient certainty that the execution was levied upon the land and returned for the want of time to make the sale; that the *venditioni exponas* was issued, and the sale made by virtue of it.   These facts are shown by the return indorsed upon the execution, as well as that indorsed upon the *venditioni exponas.*

It was also objected that the court erred in admitting as evidence the certified copy of the deed from Weaver to appellee.   But the parties had agreed that copies might be

used, subject to the same objections as might be made to the originals. Also that the certificate of acknowledgment was defective, as it did not disclose the official character of the officer who made the same. The certificate was signed W. W. Foreman, N. P., Cooke county. This deed was filed and recorded in Cooke county, and it is supposed that the clerk was acquainted with the official character of the officer or he would not have accepted, filed and recorded the deed. By standard authors the abbreviation would be construed to mean notary public, when used in that connection. See Webster's Dictionary; Bouvier's Law Dictionary; McDonald *v.* Morgan, 27 Tex., 503. Among other officers authorized to take acknowledgments of deeds, etc., are notaries public, and in this case the words " W. W. Foreman, N. P., Cooke county," are sufficient. Our conclusion is that there is no error in the judgment.

AFFIRMED.