# W. A. GLENN, ET AL., v. A. H. ASHCROFT.

## IN THE SUPREME COURT OF TEXAS, AUSTIN TERM,1884.

*Practice—Evidence—Minority.*—It is not error to refuse to admit evidence of the minority of a party, to defeat the defense of limitation, when not asserted by the pleadings.

*Evidence—Records.*—A judgment may be proved by the original minute book as well as by certified copy.

*Notary Public.*—The abbreviation of N. P., when appended to the signature of one who appears to be acting in an official capacity is understood to mean Notary Public.

*Evidence—Official Seal.*—When copies are used as evidence, the want of an official seal upon the original instrument must be shown by the party objecting to the evidence.

Appeal from Cook county.

Blanton & Blanton, for appellants.

Davis & Garnett, and Wm. Windsor Jr., for appellee.

### OPINION.

This action of trespass to try title was brought by appellants, and to which appellee, in addition to the plea "not guilty," interposed the defense of five and ten years limitation. The only reply to this defense was a special denial, which had no other effect than if the reply had been by general denial. It is claimed that the court erred in refusing to admit evidence as to the minority of appellants, so as to defeat the defense of limitation. This evidence was excluded because the appellants had not set up their non-age as a reply to the defense of limitation, and there was no error in this ruling; the disability should have been asserted by them,—it is like a plea of confession and avoidance,—unless asserted by the pleadings it cannot be proved. Childress v. Grim, 57 Texas 59.

It is objected that the court admitted as evidence the minutes of the county court in which the judgment in the case of J. A. Chuck v. J. J. Glenn was entered. The point made is, that the judgment could only be established bp a certified copy, and that the original minute book was not admissible. The statute which authorizes such certified copies to be used as evidence, provides that they can only be used where the records themselves would be admissible. The

error here complained of is not well assigned. Evitts v. Roth, decided at last Galveston term.

The several objections made to the admission of the execution, *venditioni exponas*, and sheriff's deed, are not well taken. It appears with sufficient certainty that the execution was levied upon the land and returned for the want of time to make the sale; that the *venditioni exponas* was issued, and the sale made by virtue of it. These facts are shown by the return endorsed upon the execution, as well as that endorsed upon the *venditioni exponas*.

It is also objected that the court erred in admitting as evidence the certified copy of the deed from Weaver to appellee. The parties had agreed that copies might be used, subject to the same objections as might be made to the originals. As shown by the bill of exceptions, the grounds of objection were these : 1, the certificate of acknowledgement was defective, because it failed to disclose the official character of the officer who made the same; 2, that it was defective, as it is not made to appear that the official seal had been impressed upon the original.

The certificate is in the following language :

THE STATE OF TEXAS, ⎱
     County of Cooke. ⎰

        On the 12th day of November, A. D. 1870, personally came before me W. T. G. Weaver, to me known. and who acknowledged that he signed the foregoing deed for the consideration therein expressed.

       WITNESS, my official signature and seal of office on the 12th day of November, A. D. 1870.

         (signed) W. W. FOREMAN, N. P.,

           Cooke County.

This deed was filed for record the 12th day of November, 1870, and was recorded May 2, 1871. It will be observed that the acknowledgement purports to have been taken in Cooke county, and it would seem that the abbreviation of N. P., as appended to the signature of W. W. Foreman, could not have any other signification than that of notary public. And especially is this true when it is considered with reference to the fact that the recording officer, who it may be supposed was acquainted with the official character of Foreman, accepted and recorded the deed as properly acknowledged before an officer who was authorized to take such acknowledgment.

But, aside from that consideration, the abbreviation N. P. when appended to the signature of one who appears to be acting in an official capacity, is understood to mean notary public. By standard authors that is the signification given to the abbreviation when used in connection with a signature. See Webster's dictionary, and Bouvier's law dictionary, abbreviations "N. P."

In McDonald v. Morgan, 27 Texas 503, the certificate of acknowledgement was signed "George W. Miles, R. L. C.," and it was held that this was a sufficient designation of Miles' official capacity as Recorder of Liberty county.

Among other officers authorized to take acknowledgements of deeds, etc., by our statutes are notaries public, and in this case, the words "W. W. Foreman, N. P., Cooke county," sufficiently indicate or make known the official capacity of Foreman.

As to the other objection, it is entitled to but little consideration. The original was not before the court, but was shown by the certified copy, the certificate purports to have been authenticated by Foreman's official seal, and it may be assumed that in meking the copy the clerk failed to represent the seal in its appropriate place. Earle y. Thomas, 14 Texas 591.

In a case like this, where certified copies are used, to make the objection available, the want of an official seal upon the original should be made to affirmatively appear by bill of exceptions, or otherwise. There is no force in the other objections urged to the judgment.

Our conclusion is that their is no error in the judgment, and that it ought to be affirmed. Watts, J.