WALTHEW & SONS v. MILBY & DOW.

(No. 1946.)

APPEAL from Galveston County. Opinion by WILL-SON, J.

S. S. HANSCOM, counsel for appellants.

WAUL & WALKER, counsel for appellees.

§ 119. *Venue; privilege to be sued in county of residence; plea of such privilege held sufficient; case stated.* Appellants brought this suit in justice's court of Galveston county to recover of appellees damages for the breach by appellees of a contract for the purchase of coal. Appellees, residents of Harris county, pleaded their privilege to be sued in the county of their residence. Exceptions to said plea were sustained in justice's court, and judgment rendered for plaintiffs for the damages claimed. On appeal by defendants to the county court, the exceptions to said plea were overruled, and upon a hearing of said plea the same was sustained and the suit was dismissed. *Held:* The plea was filed at the appearance term of the justice's court in due order of pleading, and it was in due form and verified by the affidavit of defendants. It alleged the residence of defendants to be, at the time of the institution of the suit, in Harris county, and denied that defendants had contracted in writing to perform the contract or obligation, for a breach of which recovery is sought, in Galveston county. It negatived the only exception in the statute which could have been applicable to the case. Plaintiffs had alleged that defend-

149

ants were residents of Harris county, and it was not, therefore, necessary that the plea should have negatived that they were transient persons or non-residents of the state. It was only necessary that the plea should anticipate and exclude the exceptions in the statute which would reasonably apply to the case, and this the plea in question does. [2 W. Con. Rep. § 547.]

§ 120. *Affidavit to plea; may be made before what officers; official signature of officer; sufficiency of.* That the plea was sworn to before a deputy clerk of the district court of Harris county is not a valid objection to it. It is provided by statute that "all oaths, affidavits or affirmations necessary, or required by law, may be administered, and a certificate of the fact given, by any judge or clerk of a court of record or by any notary public within this state." [Gen. Laws 19th Leg. p. 78.] A deputy clerk of the district court may do and perform all such official acts as may be lawfully done and performed by such clerk in person. [R. S. art. 1104.] The use of initial letters, or parts of words, by an officer, for the purpose of indicating the official capacity in which he acts, is customary, and is recognized by the courts as sufficient. [McDonal v. Morgan, 27 Tex. 503; Glenn v. Ashcroft, 4 Tex. Law Review, p. 14.]

§ 121. *Plea of privilege; facts which do not show a waiver or abandonment of; when pleaded in justice's, may be insisted upon in county court on appeal.* There was no waiver or abandonment of their plea of privilege by the defendants. It was pleaded at the appearance term of the court, before answer to the merits, and was presented, urged, and exceptions thereto sustained in the justice's court. It was again presented in the county court at the earliest practicable time. It was properly entertained by the county court, because it had been duly filed, presented and acted upon in the justice's court, and the trial in the county court being *de novo*, the whole case was before the court for adjudication to the same extent as in the court *a quo*. The record, as contended

by appellants, does not show that the defendants appeared in justice's court, and consented to an order being made in the case, before filing said plea. If such were the case, the plea might be treated, perhaps, as waived. [2 W. Con. Rep. § 344.] The docket of the justice recites that the case had been set for hearing, and this recital was made before said plea was filed, but the docket does not show that the defendants had appeared in the cause and consented to such entry. Such entry may have been made by the justice of his own motion.

§ **122.** *Contract to perform obligation in particular county; facts held insufficient to constitute such a contract.* Appellants addressed to appellees a memorandum in writing in relation to the contract for the purchase of the coal, stating the amount of coal bought by appellees, the price to be paid therefor, and the place of the delivery of said coal, but did not mention any place where the payment for said coal was to be made. Appellees replied to this memorandum, merely acknowledging the receipt of the same, and requesting to be advised of the arrival of the coal at the place of delivery. *Held*, that this correspondence did not constitute a contract in writing on the part of appellees to perform the alleged contract or obligation in Galveston county, the place where the coal was to be delivered to them [R. S. art. 1198], and that appellants were not entitled thereby to maintain this suit in Galveston county.

February 20, 1886.             Affirmed.