### JESSE THOMAS vs. R. W. PORTER ET AL.
#### SUPREME COURT, AUSTIN TERM, 1882.

Pre-emption—Survey—Return of Field Notes—A party who takes possession of land under the Act of August 12, 1870 "To regulate the disposal of the public land" cannot be defeated of his rights by the improper refusal of the surveyor to make a survey of the land, as the failure to obtain the survey is not attributable to his own neglect. His continuous possession and the filing of the field notes within twelve months after the passage of the "act for the benefit of actual occupants of the public lands," gave him a better right to the land than others who located a certificate upon it subsequent to his first settlement.

Appeal from Burleson county.

Opinion by Delaney, J.

This suit was filed by appellant against appellees, R. W. Porter and W. H. Porter on the 23rd of November, 1874, to cancel a patent held by appellees to 177 acres of land so far as it conflicted with appellant's claim to 160 acres of the land

as a pre-emptor. During the year 1870 appellant was living with his family as a tenant on the farm of appellee, R. W. Porter, some three miles from the land in dispute. In December, 1870, or January, 1871, appellant, with one son, went on the land in controversy and remained there until March 15, 1871, when he moved his wife and the balance of the family on the place. Within twelve months after his settlement he applied to the deputy surveyor of the county for a survey of of the land. The surveyor refused because appellees had already located a certificate on the land, and appellant filed a suit for mandamus against him December 11, 1871. This suit was dismissed at the August term, 1873, for want of prosecution. September 3, 1873, appellant caused a survey of the land to be made and the field notes returned to the general land office. Appellant, with his family, has continued to live upon the land, has made valuable improvements upon it and claims it as his homestead under the act of August 12, 1870, "to regulate the disposal of the public land." Meanwhile appellees had this land located and surveyed by virtue of a genuine land certificate for one labor. On the 10th of February, 1871, they filed in the land office the field notes of the survey with the certificate, and on May 3, 1871, a patent issued to them for the land. Appellees filed their answer September 6, 1875, and in a plea in reconvention set out their title and asked judgment for the land. On the next day trial was had, the cause submitted to the court and judgment for the defendants. Plaintiff appeals *in forma pauperis.*

Appellees insist that as no member of appellant's family except himself and one son went upon the land at the date of their location and survey (February 6, 1871), he was not at that time a settler on the land. Appellant had been a tenant for the year 1870 upon the land of one of the Porters. Himself and family are, for the present, residing there. About the close of the year, or it may be in the beginning of the next year he, with his son, took possession of the land in dispute and commenced their improvements. Can this rented place be properly called his home merely because he left a part of his family there for the time being, until he could provide for them elsewhere? We think not.

From the fact that he took possession of the lands, moved his family to it a short time afterwards and remained upon it permanently, the most natural presumption is that he took posession for the purpose of making it his home, and that it became his home from the time he so took posession. He had then an interest in the land. Appellees term this interest a right of preference, that is, a right to acquire a title to the land by complying with the statute and which he might lose by his neglect. And it is insisted that he did lose the right by neglecting to procure a survey within twelve months from the date of his settlement. We do not think, however, that his failure to obtain the survey, is to be attributed to his neglect. And further, we do not think appellees can be heard to allege his non-compliance with the law, as his failure to procure the survey was attributable to obstacles which their illegal appropriation of the land had thrown in his way. It seems to us that his efforts to procure a survey, though he may possibly have mistaken his remedy, protected his rights, and that his having filed field notes in the land office within twelve months after the passage of the "Act for the benefit of actual occupants of the public lands," passed May 26, 1873, gives him the better right to the land. (See Acts 1873, chapter 67.)

Our opinion is that there was error in the judgment of the court, for which it should be reversed and such judgment rendered by the Supreme Court as should have been rendered by the court below.