## FREEMAN v. HUFFMAN.

(Court of Civil Appeals of Texas. Austin. March 26, 1913. Rehearing Denied April 30, 1913.)

APPEAL AND ERROR (§ 1097*)—DECISION ON PRIOR APPEAL—LAW OF CASE.

A decision of the Court of Appeals on a prior appeal is the law of the case in the trial court and on a subsequent appeal to the same court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368, 4427; Dec. Dig. § 1097.*]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by J. K. Huffman against Thomas J. Freeman, as receiver of the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Doremus, Butler & Henderson, of Bryan, Fisher & Fisher, of Austin, and Wilson, Dabney & King, of Houston, for appellant. J. W. Garner, of Rockdale, T. S. Henderson, of Cameron, and J. L. Lockett, Jr., of Ft. Worth, for appellee.

JENKINS, J. A statement of this case will be found in Freeman v. Huffman, 130 S. W. 195. The facts upon the second trial of this case were substantially the same as upon the first trial. We held in our former opinion that appellee was guilty of contributory negligence as matter of law, but that the issue of discovered peril was raised by the evidence. These holdings are conclusive as to the assignments in this case upon these issues. Moore v. Chamberlain, 152 S. W. 195; Franklin v. Cassaday, 62 Tex. 418; Railway Co. v. Smith, 24 S. W. 670; Lowell v. Ball, Hutchings & Co., 58 Tex. 566. In Franklin v. Cassaday, supra, the court said: "Recurring to the rule stare decisis relied on by the defendant in error, the general rule is thus stated by Wells in his treatise on Res Adjudicata and Stare Decisis, § 613: 'It is a well-settled principle that the questions of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court through all subsequent stages of the proceedings, and will seldom be reconsidered or reversed, even if they appear to be erroneous.' * * * The case of State v. Wygall, unreported (see 2 Tex. Law Rev. 138), being before the Supreme Court on second appeal, Chief Justice Willie said: 'It is only in exceptional cases that we would overrule decisions previously made in the same case on a former appeal.'"

The trial court followed directions given in the opinion upon the former appeal in this case, and submitted only the issue of discovered peril. Upon this issue, in addition to the general charge, which was correct, the court, at the request of appellant, gave the following special charges: "In this case you are instructed that, even though you may find from the evidence that the plaintiff while in the car saw one of defendant's brakemen pass, you will nevertheless return a verdict for the defendant, unless from the preponderance of the evidence you find that plaintiff was actually seen and discovered, and in a position of peril between the cars, by the defendant's said brakeman, and that said brakeman realized that plaintiff could not remove himself before there was a movement of the train; and further find, under the facts and circumstances then and there existing, that said brakeman, after actually discovering the presence of plaintiff, had both opportunity and time to have averted the accident." Also: "In this case you are instructed that the agents, servants, and employés in charge of and operating the train on which plaintiff alleges he was injured were not required to anticipate that he would undertake a passage over or between the cars, nor to discover his presence thereon, and unless you find affirmatively and from a preponderance of the evidence that the presence of the plaintiff J. K. Huffman between the cars was actually discovered by defendant's agents and servants, and that said agents and servants or any of them, realized, or that a person of ordinary care similarly situated, would have realized that the plaintiff J. K. Huffman could not remove himself from between the cars before the same moved; and further find under the circumstances then and there existing said agents and servants, or any of them, after discovering the presence of the plaintiff, if they did discover him, could, by the exercise of ordinary care have prevented or stopped a movement of the train in time to have saved plaintiff from injury, you will return a verdict for the defendants." The verdict of the jury in favor of appellee under these charges amounts to a special finding that the brakeman of appellant discovered the position of appellee between the cars in time to have prevented his injury with the means at hand, after realizing his dangerous position. While the evidence is conflicting as to these issues, it is sufficient to sustain the finding of the jury; for which reason, and for the further reason that we find no errors of record, the judgment of the trial court is affirmed.

Affirmed.