AMSLER v. CAVITT. (No. 5973.)

(Court of Civil Appeals of Texas. Austin. Feb. 26, 1919. Rehearing Denied April 9, 1919.)

1. CORPORATIONS ⊂⇒121(1) — TRANSFER OF CORPORATE STOCK—BREACH OF CONTRACT—REMEDIES.

Generally the remedy for a breach of a contract to sell stock in a corporation is an action for damages.

2. SPECIFIC PERFORMANCE ⊂⇒70 — CONTRACT TO CONVEY CORPORATE STOCK.

Where justice requires it, an action can be maintained for specific performance of a contract to sell stock in a corporation.

3. SPECIFIC PERFORMANCE ⊂⇒70 — CONTRACT TO CONVEY CORPORATE STOCK—PROPRIETY OF REMEDY.

In a suit for specific performance of a contract to convey corporate stock by the terms of which plaintiff, as part of the consideration, was to convey an interest in realty, allegations that the shares of stock were limited, that an equal amount of other shares could not be purchased on the same terms, or at all, and that plaintiff was familiar with the affairs of the corporation, and was desirous of obtaining such shares, showed a cause of action for specific performance.

Error from District Court, McLennan County; Geo. N. Denton, Judge.

Suit by S. A. Cavitt against S. Amsler, for specific performance. Decree for plaintiff, and defendant brings error. Affirmed.

W. L. Eason, of Waco, for plaintiff in error.

Rogers & Earle, of Waco, for defendant in error.

KEY, C. J. Defendant in error sued and obtained a judgment against plaintiff in error for specific performance of contract, by which plaintiff in error agreed to convey to defendant in error 50 shares of the capital stock of a corporation known as the McGregor Milling & Grain Company. By the terms of the contract, defendant in error was to pay to plaintiff in error $1,000 cash, execute a promissory note for $1,000, due at a specified time, and bearing a specified rate of interest, and was also to convey to him an undivided half interest in a certain piece of real estate owned jointly by plaintiff in error and defendant in error.

There is no statement of facts, nor assignments of error, and the case is presented to this court upon the proposition, submitted as fundamental error, that the petition upon which the case was tried was insufficient, and failed to state a cause of action entitling the plaintiff to a judgment for specific performance.

[1, 2] As a general rule, the remedy for a breach of contract to sell stock in a corporation is an action for damages; but there are exceptions to that rule, and, where the ends of justice require it, an action can be maintained for specific performance.

"If the stock contracted to be sold is easily obtained in the market, and there are no particular reasons why the vendee should have the particular stock contracted for, he is left to his action for damages. But where the value of the stock is not easily ascertained, or the stock is not to be obtained readily elsewhere, or

there is some particular reasonable cause for the vendee requiring the stock contracted to be delivered, a court of equity will decree a specific performance and compel the vendor to deliver the stock." 1 Cook on Corporations (6th Ed.) § 336.

[3] The plaintiff in the court below alleged in his petition that the shares of stock in the corporation were limited, and that he could not purchase an equal amount of other shares upon the terms and conditions of his contract with the defendant; that other shares of stock were not upon the market upon the terms of the plaintiff's contract with the defendant, and for those reasons he was unable to buy other shares of stock in lieu of those which the defendant agreed to sell him. He also alleged that he was interested and familiar with the affairs of that corporation, and for many reasons was desirous of obtaining the 50 shares of stock sued for.

The answer of the defendant contained a general demurrer to the plaintiff's petition, but the record fails to show that it was called to the attention of, or ruled upon by, the trial court. This being the condition of the record, we overrule plaintiff in error's contention, and hold that the petition supports the judgment. In fact, we are of opinion that, if the general demurrer had been insisted upon, it should have been overruled.

This case involves more than an action for specific performance of a contract relating to personal property. By the terms of the contract, the defendant in the court below obligated himself to purchase real estate from the plaintiff, and the decree of the court requires specific performance of that obligation; also, there were other allegations in the petition, which, perhaps, were sufficient to take it out of the general rule, and authorize the plaintiff to demand specific performance.

No error has been shown, and the judgment is affirmed.