**SHEFFIELD et al. v. MEYER. (No. 2376.)**

(Court of Civil Appeals of Texas. Texarkana. March 3, 1921.)

1. **Appeal and error ⟨key⟩1099(7)—Decision on previous appeal is law of case on subsequent appeal.**

The decision on a previous appeal that there was insufficient evidence to support verdict is the law of the case on a subsequent appeal on identical facts.

2. **Trespass to try title ⟨key⟩56—Measure of compensation for improvements is enhancement in value of land, and not cost of improvements.**

The measure of compensation for improvements by defendant is the enhancement of the value of the land by reason of the improvements, and not the cost of the improvements, since there must be a benefit to the owner in enhanced value to estop him from denying the right to compensation for improvement.

Appeal from District Court, Henderson County; John S. Prince, Judge.

Suit by Joe Meyer against Leman Sheffield and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Joe Meyer, claiming to own the land in fee simple, brought the suit against Leman Sheffield and others in trespass to try title to 188 acres of land. The defendants pleaded not guilty; the statute of 10-year limitation; that the defendants are the children of Robert and Laura Wilson, and the deed from Laura Wilson to A. Harris, the plaintiff's grantor, was not in fact a deed, but a mortgage to secure payment of a note then held by A. Harris, which note has long since been paid, and of which A. Harris and the plaintiff had knowledge at the time of acquiring the land; a claim for improvements made in good faith on the land; and by cross-action sought to recover damages against the plaintiff for wrongful levy of a sequestration writ. The plaintiff, Joe Meyer, in supplemental petition answered that he was an innocent purchaser in good faith, paying a valuable consideration for the land without notice of any equitable interest, if any, they had in the land. After the evidence was closed the court peremptorily instructed a verdict for the plaintiff. The appeal is by the defendants, predicating error upon the giving of the peremptory instruction to the jury.

The evidence discloses: (1) That by warranty deed duly recorded S. M. Ansley and

---

wife conveyed to Robert Wilson, on December 14, 1889, the land in controversy, in consideration of three notes due in 1, 2, and 3 years, respectively, after date. Two of the notes were each to be paid by delivery of two bales of lint cotton weighing 500 pounds each, and the other note was payable in six bales of cotton each of 500 pounds weight. (2) Robert Wilson and Laura Wilson were husband and wife at the time of the deed, and the land was community property. (3) Robert Wilson and Laura Wilson are the common source of title to the land in suit. (4) Robert Wilson died intestate on August 23, 1894, survived by his wife, Laura, and the defendant children. (5) A. Harris during the lifetime of Robert Wilson purchased the last note recited in the deed from Ansley to Robert Wilson, and A. Harris held the note as owner at the time of the death of Robert Wilson. Robert Wilson had paid two of the notes, but a balance was due and unpaid at his death on the last note. (6) Laura Wilson, as surviving wife of Robert Wilson, by deed of February 24, 1905, conveyed the land in controversy to A. Harris. The deed on its face was a warranty deed, conveying the land in fee simple, and reciting the consideration to be the balance due of the purchase money of the land owing as a community debt of Robert Wilson, deceased, and herself as the surviving wife. The deed was recorded. (7) A. Harris, by special warranty deed dated March 18, 1912, and duly recorded, conveyed the land in controversy to Pitluk & Meyer in consideration of $800, of which $50 was cash and the balance in four notes, payable 1, 2, 3, and 4 years after date. Pitluk & Meyer was a firm composed of M. Pitluk and Joe Meyer, the plaintiff. (8) In January, 1917, M. Pitluk conveyed his interest in the land to Joe Meyer, the plaintiff. (9) This suit was filed January 12, 1917. (10) There is strong affirmative evidence in behalf of the plaintiff that he did not know before or at the time of his purchase of the land that the deed from Laura Wilson to A. Harris was, if in fact it was, a mortgage, and there is strong evidence to show that plaintiff was in fact an innocent purchaser for value without notice of any equitable interest of the defendants in the land.

J. J. Faulk and Justice & Justice, all of Athens, for appellant.

Simpson, Lasseter & Gentry, of Tyler, for appellee.

LEVY, J. (after stating the facts as above). The plaintiffs in error complain of the giving of the peremptory instruction to the jury. On the former appeal of this case (208 S. W. 679) it was determined by the court that the evidence was legally insufficient to support the verdict against the plaintiff, who is now the defendant in error. That decision manifestly influenced the ruling of the trial judge in the present trial, for he charged the jury as follows:

"The law of this case on similar facts has been declared by the Court of Civil Appeals on a former appeal. In the light of that opinion the court now believes that there are no facts that show that Joe Meyer, the plaintiff, had notice that the deed to Harris, if a mortgage, was known by plaintiff to be a mortgage. I therefore instruct you to return a verdict for the plaintiff."

Defendant in error's brief states, and the record bears out the statement, that—

"The testimony given on the trial from which this writ of error is sued out was identical with the testimony on the trial from which Joe Meyer appealed and the Court of Appeals at Dallas held as aforesaid. * * * The law of this case was settled on a former appeal."

[1] It is believed that this court should follow the decision on the previous appeal, as the trial court did, because the decision settled the "law of the case" applicable to the same facts. 2 R. C. L. p. 223, §§ 187, 194; Frankland v. Cassaday, 62 Tex. 418; Bomar v. Parker, 68 Tex. 438, 4 S. W. 599.

[2] The question, though, of a claim for improvements was not determined on the former appeal, and may be determined in this review. Looking to the record, it appears that a claim for improvements was made only by the defendants Leman Sheffield, Foster Sheffield, and George Wilson. The defendant Foster Sheffield does not sign the appeal bond, and is not therefore an appellant. The defendant George Wilson conveyed his interest in the land, it appears, on September 25, 1916, which was before suit was filed, and the grantee in that conveyance does not make the claim for any improvements. The only defendant making the claim properly assigning error on this appeal is Leman Sheffield. But if all three of the defendants had on appeal properly asked for review of the ruling of the court, the result would have been the same in view of the evidence. The evidence in the record is that these defendants constructed a house on the land "in the fall of 1916," through their own labor, and using the money or "cash" obtained from a policy of insurance to the amount of $300.00" in buying the lumber and material necessary. There is no proof of the value of the land with and its value without the improvements. Evidence merely of the cost of improvements, irrespective of the effect upon the value of the land, is not enough to warrant sending the case to the jury. The measure of compensation to the claimant is not the original cost of the building, but the enhancement in value of the land by reason of the improvements. There must be a benefit to the owner of the land in enhanced value of the land to estop him from denying the right to compensation

for the improvement. It is essential, then, to the claimant's remedy, in order to measure the compensation, that there be evidence of the value of the land with and its value without the improvements. Crump v. Sanders, 173 S. W. 559; North Texas Lumber Co. v. Bank, 186 S. W. 259. The trial court therefore did not err in giving the charge.

It is concluded that there is no evidence to warrant an issue on wrongful or negligent execution of the sequestration writ.

The judgment is affirmed.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes