GATES v. TEXAS EMPLOYERS' INS. ASS'N.
(No. 8235.)

(Court of Civil Appeals of Texas. Galveston. June 6, 1922. Rehearing Denied June 15, 1922.)

Master and servant &⇒386(5)—Compensation for death of childless husband goes to surviving wife.

Under the Employers' Liability Act, § 8a (Vernon's Ann. Civ. St. Supp. 1918, art. 5246-15), providing that the amount recovered for the death of an employee shall be distributed according to the laws of descent and distribution, compensation for the death of a husband is community property of the husband and wife, and, under Rev. St. art. 2469, there being no children, goes to the surviving wife and not to the father of the deceased.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Joseph Gates against the Texas Employers' Insurance Association under the Employers' Liability Act, after compensation was refused in a proceeding by plaintiff before the Industrial Accident Board against the named defendant. From judgment for defendant, plaintiff appeals. Affirmed.

W. P. Neblett, of Houston, for appellant.
Garrison, Pollard & Berry, of Houston, for appellee.

LANE, J. The Humble Oil & Refining Company, a corporation, was, on and prior to the 17th day of November, 1920, a subscriber under the Employers' Liability Act of Texas (Vernon's Ann. Civ. St. Supp. 1918, art. 5246-1 et seq.), and held a policy of indemnity issued by the appellee herein, Texas Employers' Insurance Association. On the date named, one George Gates, while in the employ of said company and while engaged in the course of his employment with said company, was killed. He left surviving him his widow, Irene Gates, and his father, Joseph Gates, appellant herein, who is over 70 years of age and who was, at the time of the death of George Gates, dependent upon the deceased. The deceased left no children surviving him. After the death of George Gates, his widow, Irene Gates, was awarded compensation by the Industrial Accident Board upon her application made therefor under the Employers' Liability Act as amended by the Thirty-Fifth Legislature of Texas. Appellant, Joseph Gates, the father, also made application for compensation to said Board which was refused. He then brought suit in the district court of Harris county against the Texas Employers' Insurance Association to recover compensation under said Liability Act. Judgment was rendered against him, and he has appealed.

Appellant contends that, as he was the father of the deceased and dependent upon him for maintenance, he was entitled to one-half of the award made for the death of his son by virtue of section 8a of the Liability Act, which reads as follows:

"The compensation provided for in the foregoing section of this act shall be for the sole and exclusive benefit of the surviving husband who has not for good cause and for a period of three years prior thereto abandoned his wife at the time of the injury, the wife who has not at the time of the injury without good cause and for a period of three years prior thereto abandoned her husband and the minor children, without regard to the question of dependency, dependent parents and dependent grandparents

&⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and dependent stepmothers and dependent children or dependent brothers and sisters of the deceased employee, and the amount recovered thereunder shall not be liable for the debts of the deceased nor the debts of the beneficiary or beneficiaries, and shall be distributed among such beneficiaries as may be entitled to same as hereinbefore provided according to the laws of descent and distribution of this state; and provided such compensation shall not pass to the estate of a deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of the state, or to their guardian or next friend, in case of lunacy, infancy or other disqualifying cause of any beneficiary."

No matter how much we might desire to aid the aged and dependent father, we are by the law compelled to overrule his contentions for a reversal of the judgment. In view of the law governing such cases, we must hold that appellant is not entitled to any part of the compensation involved in this suit. In the case of Texas Employers' Insurance Association v. Boudreaux, 231 S. W. 756, decided by our Supreme Court, it is said:

"The compensation provided by the act arises out of the contractual relation between the employer and the deceased employee. When awarded for death of the employee, it is in substitution for damages ordinarily recovered by statute because of the death of the employee due to the negligence of the employer. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556. It is measured by the current wages of the deceased and is to all practical purposes to supply to his beneficiaries the means of support which were afforded by his wages prior to his death. Its payment is provided for 'from week to week as it accrues,' except in special cases. The right of the deceased to have compensation paid his beneficiaries in case of his death was acquired by him during coverture. His wages, flowing from his contract of employment under which he was working *at the time of his death, were community property. The compensation measured by his community wages and having its source, as it were, in the same contract of employment, partakes more nearly of the nature of community than of separate property; and it should be distributed, in our opinion, according to the statute of descent and distribution applicable in distributing community property. Under this statute the apportionment provided is one-half to the wife and one-half to the children.* Article 2469, R. S. 1911." (Italics ours.)

It is apparent from the above quotation that the Supreme Court holds that, for the purpose of distribution of compensation, such as that in the present case, it is to be classed as community property of the husband and wife and should be distributed under the provisions of article 2469 of the Revised Civil Statutes of this state, relating to distribution of the community personal property of husband and wife.

In the present case the deceased left a surviving wife and no children. In such circumstances the provisions of article 2469 demand that the whole of the personal estate of the community shall be awarded to the surviving wife. Only in the event there be no surviving wife nor surviving child or children of the deceased is the father entitled to share in the distribution of the community estate of a deceased son in this state. In the present case, however, it is immaterial whether the compensation in question be classed as personal community property of the husband and wife, or as the separate personal estate of the deceased husband, as, by the law of descent and distribution applicable here, all of the personal estate of which the husband dies possessed becomes the property of the surviving wife.

In Vaughan v. Insurance Co., 109 Tex. 298, 206 S. W. 920, in an opinion written by Chief Justice Phillips of the Supreme Court of this state, in speaking of the rule to be applied in the distribution of compensation arising under the Employers' Liability Acts, it is said:

"The question here is, how shall the beneficiaries in such cases be determined—by the law of descent and distribution, or the law governing the recovery of damages for negligent or wrongful injury resulting in death—the death injury statute, article 4698? * * * The solution of the question is found in the proviso. It says that the compensation shall be distributed 'according to the law providing for the distribution of other property of the deceased.' Interpretation can add nothing to the clearness of this language. It means the law governing the distribution of the decedent's property, not a law authorizing the recovery of damages by certain kindred as their property. The only law we have, regulating the distribution of the property of an intestate decedent, is that comprised by our statute of descent and distribution. That is plainly the law referred to. It is, in effect, made a part of the act. * * * If the contrary be held and the beneficiaries be thus determined, no rule would be afforded for the apportionment of the compensation. The death injury statute is silent on the subject. All damages recoverable under it must be allotted by a court or jury. The law of descent and distribution, in such event, would have to be consulted for the apportionment, since the act, except in its reference to that law, makes no provision in that regard. Under such construction, the operation of the act would, in this one particular, be related to two other distinct laws, one for determining the persons entitled to the compensation, and another the proportion of their respective shares. Under the terms of the act, such a purpose is not to be imputed to the Legislature in its adoption.

Apart from these considerations, this construction denies to the language of the proviso its natural effect. Its plain requirement is that the compensation shall be distributed according to the law of descent and distribution. The clause contains no qualifying expression, and no limitation upon the full operation of such law is imposed. It therefore means that the distribution shall be in all respects in accordance

with that law. A distribution could not be made 'according to' that law, unless the law were given full effect—not merely a part of it, but all of it. Giving it such effect, it necessarily determines, not only the apportionment, but the persons entitled to the property."

It is unnecessary to pursue this discussion further, as it is apparent from what has already been said we have reached the conclusion that the judgment should be affirmed.

Affirmed.