## AMSLER et al. v. CAVITT. (No. 155.)

(Court of Civil Appeals of Texas. Waco. Feb. 12, 1925. Rehearing Denied April 23, 1925.)

**1. Limitation of actions &#10132;187—Litigant must plead facts preventing running of statute.**

General rule is that litigant wishing to avoid operation of statute must plead facts which will prevent running of statute, such as infancy, coverture, etc.

**2. Pleading &#10132;403(1)—Omissions of material facts from pleading by one party may be cured by allegations of adverse party.**

Litigant's failure to allege essential matters may be cured by allegations of such facts by adverse party.

**3. Pleading &#10132;403(2)—Injunction pleaded and introduced by defendants on another issue, could be considered on issue of limitation, though not pleaded by plaintiff.**

Where defendants, in action to recover dividends paid by corporation to defendants who sold stock to plaintiff, in order to establish plea of res adjudicata, pleaded former action, and all pleadings, orders, etc., including temporary injunction therein, and introduced docket order of such injunction in evidence without limitation, such order could be considered by court on issue of limitation, notwithstanding plaintiff's failure to plead it.

**4. Appeal and error &#10132;1097(1)—Opinion on former appeal becomes law of case.**

Opinion on former appeal becomes law of case on second trial on same pleading and evidence, and will be followed on subsequent appeal, unless clearly erroneous.

### On Rehearing.

**5. Appeal and error &#10132;1097(1)—Obiter dicta in opinion on former appeal is part of law of case.**

That matter in opinion on appeal is obiter dicta does not prevent it from being law of case on subsequent appeal.

**6. Limitation of actions &#10132;106—Buyer's cause of action for dividends did not accrue until judgment of specific performance became final.**

Statute did not start to run against cause of action, for recovery of dividends paid by corporation to seller of stock to plaintiff, until judgment in former action for specific performance of contract became final after determination of appeal.

**7. Limitation of actions &#10132;111 — Enjoining transfer of stock suspended limitations against action for dividends.**

Order enjoining corporation from paying dividends on stock until final hearing of suit to compel delivery of stock, suspended running of statute against plaintiff's cause of action for dividends.

**8. Limitation of actions &#10132;195(3)—Burden on defendant pleading statute to prove it.**

Burden was on defendant in action for dividends paid by corporation to defendants, who sold stock to plaintiff, to prove limitation pleaded by him.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by S. A. Cavitt against S. Amsler and another. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 242 S. W. 246.

W. L. Eason, of Waco, and J. H. Hooker, of McGregor, for appellants.

Weatherby & Rogers, of Waco, for appellee.

STANFORD, J. The controversy out of which this suit arose began on June 16, 1915, when appellee herein filed suit in the district court of McLennan county against appellant, S. Amsler, to recover the title and possession of 50 shares of stock in the McGregor Milling & Grain Company, also $100 dividends alleged to have been paid to Amsler after the sale of said stock to Cavitt. This suit was numbered 22555 on the district court docket, and on December 20, 1916, it was tried, and judgment rendered in favor of appellee, Cavitt, for a specific performance of the contract for the sale of said

stock, and also for the recovery of the $100 dividends sued for.

On July 6, 1917, appellee, Cavitt, filed another suit in the same court, numbered 23679, against both appellants herein, alleging, in substance, that, notwithstanding he had recovered judgment for the 50 shares of milling stock, Amsler had refused to transfer same to him, and that the milling company had refused to cancel Amsler's stock and to issue stock to him in lieu thereof, and prayed for a mandatory injunction against the milling company and its officers, requiring them to deliver to him said stock, and for a temporary injunction against the milling company, enjoining it from paying any further dividends to Amsler, and for general relief. On July 14, 1917, the court, in cause 23679, entered the following docket order:

"7/14/17. All parties enjoined from transferring, incumbering, or otherwise disposing of the stock of the McGregor Milling & Grain Company, and the McGregor Milling & Grain Company enjoined from paying dividends on said stock until final hearing of this cause upon its merits."

Judgment was rendered in favor of appellee, Cavitt, in this injunction suit February 23, 1920, and said temporary injunction, evidenced by the docket entry above copied, remained in full force and effect until the trial of said cause on its merits. Amsler sued out a writ of error in cause No. 22555 and the judgment of the lower court was affirmed (210 S. W. 766), and the mandate was promptly issued and filed in the trial court January 20, 1920. In the first suit, No. 22555, Amsler alone was party defendant. In the second, or injunction suit, No. 23679, both Amsler and the milling company were parties defendant.

The present suit was filed February 24, 1920, and is against both the milling company and Amsler, and is to recover dividends paid by the milling company to Amsler, as follows: June 15, 1915, $250; December 30, 1915, $1,000; June 5, 1916, $500; November 2, 1916, $2,000. Both appellants, defendants below, pleaded limitation and res adjudicata. This case was first tried February 28, 1921, and resulted in a judgment for appellants, defendants below, the trial court sustaining the pleas of limitation and res adjudicata, and instructing the jury to return a verdict in favor of said defendants Amsler and the milling company. On appeal to the Third Court of Civil Appeals, the case was reversed and remanded. See Cavitt v. Amsler et al., 242 S. W. 246. An examination of this case will greatly aid in understanding the issues on this appeal.

On the former appeal of this case, as referred to above, the Court of Civil Appeals, Third District, said:

"There are two issues presented on this appeal, either of which, if decided in favor of appellees, would require the judgment of the trial court to be affirmed. These issues are res adjudicata and limitation."

Said court then, in an opinion by Associate Justice Jenkins, proceeded to discuss these two issues very fully and satisfactorily, resolving both said issues in favor of appellee, Cavitt, who was appellant on that appeal, and reversed and remanded said case for another trial. A motion for a new trial was presented and overruled, and an application for a writ of error dismissed by the Supreme Court for want of jurisdiction; said opinion thus becoming an opinion of court of last resort. On the last trial a jury was waived and the case submitted to the court, who, following the opinion rendered on said former appeal, as was his duty to do, rendered the judgment from which this appeal is prosecuted.

[1, 2] On the last trial, and on this appeal, the only issues were and are res adjudicata and limitation, the same issues involved on the former appeal and made by the same pleading and the same evidence as the two issues on the former appeal. There has been no amendment of the pleadings since the former appeal, and, since the issues of res adjudicata and limitation arose upon the pleadings, judgments, orders, and decrees in this and the two former suits, it is evident from this record and the opinion on former appeal that the evidence on the last trial was the same as on the former trial. It may be there is some new argument by appellants herein that was not made by them on the former appeal. For instance, appellants very earnestly contend, under their third and fourth assignments of error, that "the statute of limitation as pleaded by the defendants was not suspended or avoided by the docket entry of July 14, 1917, because said docket entry was not pleaded by plaintiff." It is true, as a general rule, if a litigant wishes to avoid the operation of the statute of limitation when pleaded as a bar to his suit, on some ground which will prevent the running of the statute, such as infancy, coverture, etc., he must plead same. Ortiz v. De Benavides, 61 Tex. 61; Childress v. Grim, 57 Tex. 59. The purpose of this rule is to avoid surprise to the adverse party, and to give him an opportunity to contest the grounds alleged in avoidance of the statute. But it is equally true that the omission to allege an essential matter by one litigant may be supplied, and such defect cured by an allegation of such essential fact by his adversary. Hill v. George, 5 Tex. 87; M., K. & T. Ry. Co. v. Chittim (Tex. Civ. App.) 40 S. W. 23; G. C. & S. F. Ry. Co. v. Porter, 25 Tex. Civ. App. 491, 61 S. W. 343; T. & N. O. Ry. Co. v. Miller, 60 Tex. Civ. App. 627, 128 S. W. 1165.

[3, 4] In this case, appellants plead very fully, in an effort to establish their plea of

res adjudicata, the institution and prosecution of cause No. 23679, including all the pleadings, orders, judgments, and decrees entered in said cause, and put all of same in evidence, including said temporary injunction, as evidenced by said order of July 14, 1917, and, same having been introduced in evidence by appellants, without any limitation on the purpose for which it was introduced, and there being sufficient pleading by appellants as a basis for its introduction, it was permissible for the court to consider same for all purposes. So the docket order of July 14, 1917, was properly before the court, to be considered by him for whatever effect it might have upon the question of limitation. This docket order, on the same pleadings, and same evidence, was before the Court of Civil Appeals on the former appeal, and its bearing upon the question of limitation fully discussed (242 S. W. 246), and the same argument made could very properly have been made there on motion for rehearing. At any rate, the effect of this order was discussed by the court on the former appeal, and the opinion therein rendered, not appearing to be clearly erroneous, became the law of this case.

Every other contention of appellants raised by its assignments of error on this appeal is expressly fully answered by the opinion on the former appeal, above referred to, and we think, under the well-established rule of decision in this state, that opinion is the law of this case. The pleading and the evidence and the issues made by same on the last trial being identical with the pleading and evidence and issues raised thereby on the former appeal, the opinion of the Court of Civil Appeals on said former appeal should control the disposition of this case.

In the case of Frankland v. Cassaday, 62 Tex. 418, our Supreme Court said:

"Recurring to the rule, stare decisis, relied on by the defendant in error, the general rule is thus stated by Wells in his treatise on Res Adjudicata and Stare Decisis, § 613: 'It is a well-settled principle that the questions of law decided on appeal to a court of ultimate resort must govern the case in the same court, and the trial court, through all subsequent stages of the proceedings, and will seldom be reconsidered or reversed, even if they appear to be erroneous.' * * * The case of State v. Wygall, unreported (see 2 Tex. Law Review, 138), being before the Supreme Court on a second appeal, Chief Justice Willie said: 'It is only in exceptional cases that we would overrule decisions previously made in the same cause on a former appeal.' "

In the case of Bomar v. Parker, 68 Tex. 438, 4 S. W. 606, Justice Gaines, of our Supreme Court, said:

"We have, then, to pass upon the same question which was before the court upon the former appeal. This court has held that it is not absolutely bound by its former adjudication, though rendered upon a previous appeal in the same case; but it is expressly decided that only in exceptional cases will a former ruling be departed from upon the same question, when presented a second time in the same case. * * * Burns v. Ledbetter, 56 Tex. 282. Unless very clearly erroneous, the ruling made upon the first appeal should be deemed the law of the case in all subsequent proceedings."

This rule, laid down by our Supreme Court, has been followed to the present time, and is a well-established rule of law in this state. See Freeman v. Huffman (Tex. Civ. App.) 156 S. W. 367; Bomar v. Parker, 68 Tex. 435, 4 S. W. 599; F. N. Bank v. Mangum (Tex. Civ. App.) 194 S. W. 647; Sheffield v. Meyer (Tex. Civ. App.) 229 S. W. 614; M., K. & T. Ry. Co. of Texas v. Belew, 26 Tex. Civ. App. 8, 62 S. W. 100. The opinion rendered in this case on the former appeal appearing to have been rendered on the same pleading and same evidence involved on this appeal, and said opinion not appearing to be erroneous, must be held by us to be the law of this case, and said opinion actually disposing of every question raised by appellants' assignments of error, and disposing of same to our entire satisfaction, we adhere to same and overrule all of appellants' assignments of error, and affirm the judgment of the trial court.

### On Rehearing.

[5, 6] Counsel for appellant, in a very able argument, earnestly contends that the opinion of the Court of Civil Appeals, Third District, on motion for rehearing on the former appeal of this case, was obiter dicta, and that that part of it dealing with the question of limitation was erroneous, and that we were in error in following said opinion. Said opinion may be obiter dicta; still, under the rule of stare decisis, we think it was a part of the law of this case, and it was our duty to follow it, unless clearly wrong. However, we did not follow said opinion until after we had considered the question and examined the authorities cited, and satisfied ourselves that said holding was correct. We have again carefully considered this phase of the case. Bearing in mind that on June 10, 1915, Cavitt and Amsler entered into a contract, by the terms of which Amsler agreed to convey to Cavitt 50 shares of the mill stock in exchange for $2,000 and a half interest in a house and lot in McGregor, said deal to be closed as of said date, it is apparent this contract did not put title in Cavitt to the stock, nor in Amsler to the $2,000 and the real estate. Amsler refused to go forward and complete the trade, and on June 16, 1915, Cavitt brought suit No. 22555 for specific performance. This suit was tried on December 20, 1916, and judgment rendered, decreeing specific performance, but this judgment never became final until about January 20, 1920. Prior to the rendition of this

judgment, Cavitt had a contract for the stock, but he had no title to the stock, and did not own any stock. The judgment of December 20, 1916, decreed to Cavitt title to the stock, but this judgment was appealed from and never became final until about January 20, 1920, so Cavitt never had title to the stock until said date, and then had it by virtue of said judgment, which related back and gave him title as of the date of the contract.

[7, 8] This being true, it is evident Cavitt could not say he had any title to the stock until this judgment became final. As a matter of fact, he did not have. It is equally evident he could not prosecute a suit for dividends against either the milling company or Amsler until he was in position to show title to the mill stock, and this he could not do until after the judgment awarding him the stock became final in January, 1920, about a month before this suit was filed. The pendency of suit No. 22555 for the recovery of said stock, or rather the necessity of having to bring said suit and prosecute same through all the courts of the state in order to compel Mr. Amsler to perform his contract, prevented the running of limitation against an action to recover dividends on said stock, from June 16, 1915, the time same was filed, to the time the judgment in said cause became final in 1920. See Cavitt v. Amsler (Tex. Civ. App.) 242 S. W. 249, and cases there cited. To hold otherwise would permit Amsler to take advantage of his own wrong in refusing to carry out his contract and forcing Cavitt to resort to the courts. And we think it is also true that the injunction, evidenced by the docket entry in cause No. 23679, of date July 14, 1917, prevented the running of the statute, even though not pleaded by appellee. Appellant had pleaded limitation—the burden was upon him to prove it. Among other evidence introduced by him was said injunctive order, which affirmatively refuted his plea of limitation.

We do not think the cases cited by appellant are applicable to the facts here presented. In the case of Davis v. Andrews et al., 88 Tex. 524, 30 S. W. 432, 32 S. W. 513, cited by appellant, an injunction was issued and served, restraining a trustee from selling real estate under a deed of trust. The beneficiary in the deed of trust was made a party defendant, and some 6 or 7 years later filed a cross-bill on his notes and sought a foreclosure of his deed of trust lien to secure said notes, to which a plea of limitation was interposed by the debtor, and sustained, and properly so. The way was open from the time of the issuance of the injunction for the beneficiary in said deed of trust to file such cross-bill and prosecute it to final judgment, foreclosing his deed of trust lien.

In the case of Bowen v. Kirkland, 17 Tex. Civ. App. 346, 44 S. W. 189, cited by appellant, an only heir to an estate brought a suit to set aside an administration on said estate and to have the administrator dismissed, and, during the pendency of such suit, said heir sold and conveyed a part of the real estate, the purchaser going into possession. A good many years afterward the suit against the administrator was decided in his favor, and he then brought suit against the purchaser from the heir, and said purchaser pleaded limitation. The administrator contended limitation did not run against him by reason of the pendency of the suit by the heir to have him dismissed, but the court held. and rightly so, that limitation was not suspended, in that the proceedings appointing him administrator could not be attacked collaterally, and the pendency of the suit by the heir to remove him was no impediment to his prosecuting a suit as such administrator to recover said real estate.

All the cases cited by appellant, we think, are distinguishable from this case. In this case, appellee could not prosecute a suit for dividends against either the milling company or Amsler until he was in position to prove the ownership of the stock in litigation, and he was not in position to make such proof— in fact, he was not the owner—until the judgment in cause No. 22555 became a final judgment.

We overrule appellant's motion for a rehearing.