**MAXCY v. NORSWORTHY et al.**

No. 9705.

Court of Civil Appeals of Texas. Galveston.

April 21, 1932.

Rehearing Denied May 12, 1932.

L. B. Moody, of Houston, for appellant.

A. D. Dyess, of Houston (Paul Strong, of Houston, of counsel), for appellees.

GRAVES, J.

This is the second appeal of this cause between appellant, John W. Maxcy, and appellees, Annie E. Norsworthy and husband; the bone of contention being the ownership of 36½ acres of land in Harris county, the exact situs of which is claimed by the former to be in the northern end of the Harris and Wilson survey, and by the latter in the Thomas Earl labor. Other than the deleted issue of estoppel urged by appellant before, the questions involved upon the two appeals were the same, the evidence adduced was not in ultimate legal import different, except as to the new testimony of the witness "Likey" Green, offered by the appellees on their ten-year limitation claim, the issues submitted by the court to the jury were—in so far as affects the present appeal—precisely the same, and the answers thereto were identical with those returned upon the first trial. The former opinion of this court is fully reported in 19 S.W. (2d) 926, under this same style as now appears, Maxcy v. Norsworthy. Reference is made to that record for a full statement of what the cause imports both of fact and law, except as the same is to be here supplemented.

Upon the mature consideration of the appeal as before presented, this court, at page 928 of 19 S.W.(2d), thus epitomizes its holding: "Concluding that the jury's answers to both special issues were without sufficient support in the evidence, that neither Maxcy's 1916 map of the Harris & Wilson survey nor the testimony as to his having formerly sought to establish a vacancy between it and the Earl were admissible in the circumstances, but that the proffered patent of the J. W. Maxcy survey should have been received for the purpose offered, we sustain such of appellant's presentments as so contend, overruling all the others."

A like consideration of the present appeal impels this tribunal to reiterate that decision in all respects, unconvinced as it is that there is any error of substance therein, and to pronounce it therefore to be the law of this case binding upon the lower court and this court as well. Amsler v. Cavitt (Tex. Civ. App.) 271 S. W. 139, 141; Frankland v. Cassaday, 62 Tex. 418; Bomar v. Parker, 68 Tex. 438, 4 S. W. 599, 606; Freeman v. Huffman (Tex. Civ. App.) 156 S. W. 367; First Nat. Bank v. Mangum (Tex. Civ. App.) 194 S. W. 647; Sheffield v. Meyer (Tex. Civ. App.) 229 S. W. 614; Missouri, K. & T. Ry. Co. v. Belew, 26 Tex. Civ. App. 8, 62 S. W. 99, 100.

It may be further mentioned that the claim of estoppel from a former judgment, as already cited, was omitted from this trial, and that Maxcy's 1916 map held inadmissible before was not again offered in evidence, and that the appellees, as stated, undertook to supplement their testimony in support of their evidence of ten years' limitation by the testimony of the witness Green above referred to.

Wherefore, under this court's conclusion that it must adhere to its former ruling, it becomes unnecessary to do more about the present appeal than to first so declare, and next to determine the merits of appellant's attack this time upon the trial court's refusal to grant him a new trial upon his alleged finding subsequent to the original hearing below of newly discovered evidence affecting the matters the witness "Likey" Green had testified to.

Before doing so, however, it may not be amiss to interpolate: First, that the trial court's error in excluding from the evidence the patent of the J. W. Maxcy 37.2-acre survey—contrary to this court's original ruling—would probably not upon this hearing be alone held to require a reversal, but harmless, rather, in view of the bringing out from other sources of the same matter; second, that the appellees are clearly mistaken, we think, in two of their major positions on this appeal, to the effect that appellant not only grounded his case upon but testified to locating the south line of the Earl labor by general reputation as being where he claimed it to be, that is, 147.4 varas north of the old wire fence, and that they themselves this time were emancipated from the admission they made on the former trial that the north line of the Harris and Wilson and the south line of the Earl constituted a common line. As concerns

the first of these, a careful search of the record discloses no such contention nor testimony on appellant's part, but the direct contrary; while, as to the second, although the appellees' present answer omits their former specific averment to that as a fact, it yet alleges essentially the same thing in paragraph 111 thereof, to this effect: "These defendants claim said land as a part of the Thos. Earl labor, *adjoining said Harris and Wilson Grant.*"

The land was awarded to the appellees as being a part of the Thomas Earl labor on this jury's findings, in response to inquiries the former jury had likewise answered, that the north line of the Harris and Wilson survey was located on the ground by the original surveyor thereof at the place marked by the old wire fence testified to on both trials, that is, 147.4 varas south of where appellant contended it was, and that appellees and their predecessors in claim had had such possession of the land as the law requires for ten years before the filing of the suit.

■ So that, again holding—as we must upon the same considerations as before—this repeated verdict to be so against the overwhelming weight of the evidence as that it could not be permitted to stand but for the added testimony of Green, which the appellees urge supplied enough to sustain the judgment in the appellees' favor on the issue of ten years' limitation, we come to appellant's contention that a new trial should, in the circumstances, have been granted him for the purpose of procuring the testimony of Calaway and Candelari in alleged refutation of it; the assignment, we conclude, should be sustained. As stated, this was the second trial of the cause, after this court had held that the most either claimed or shown from the record of the first one for the appellees' possession was that it extended only "from the fall of 1907 to the beginning of 1916—something over nine years." Since it further appeared from that record—presumably at least—that in making such showing all tenants who had lived on the Delaney place on the land involved had been named and their respective tenures outlined, this witness "Likey" Green not having been among them, appellant could not be said to have been lacking in diligence in entering upon this trial without being prepared to affirmatively disprove evidence tending to show a possession extending beyond the beginning of 1916, especially as no subpoena had been issued for Green, nor any other intimation given either that he would appear or so testify, or that proof of any sort essaying such an extension of the possession thus before defined would be offered; what next ensued on the present trial is thus recited in appellant's brief: "As their last witness and at the conclusion of their testimony, appellees placed upon the stand a witness named Z. T. Green, but commonly known as 'Likey Green.' He testified

that he lived at the Delaney place on the Thomas Earl survey from 1913 to 1919, and that during all of that time the wire-fence built by Mrs. Oates in 1906 enclosing the land in controversy was in good condition, that it was a part of his duty to keep it in such condition, that he did so keep it during all of that time, and that during the whole period appellees had cattle pastured within the enclosure."

Appellant moved for a new trial upon the ground of newly discovered evidence, setting out and swearing that he, for the first time after the trial, discovered that he could prove by the testimony of John Calaway and A. Candelari that during the time "Likey" Green lived on the Delaney place there were no fences standing on or around the Earl survey, except a small inclosure of an acre or two surrounding the old house in which "Likey" lived; attaching thereto the several affidavits of Calaway and Candelari stating the facts to be as recited in the motion. This motion was filed March 21 of 1931, but not acted upon till May 2d thereafter, affording 1⅓ months' time for countervailing affidavits or testimony as to facts apparently resting peculiarly within the knowledge of—or at least so available to—the appellees, but none were offered, whereupon the motion was refused.

That this sought-for testimony was material is self-evident, so much so indeed that, if accepted by the jury, a different answer would probably have been made to issue No. 2, thereby, under this court's holdings, entailing a judgment in appellant's favor; that the latter was not guilty of negligence in not finding out before the verdict what his two newly discovered witnesses would have testified to, is well-nigh equally as plain, since, under uncontroverted facts regularly sworn to, he had then no means of knowing whether or not Green's statements were true or false, hence none whatever of knowing that any such refuting testimony would either be required, or could be produced if it turned out to be needed.

The court's action in denying the new trial in these circumstances presents an instance, in our opinion, of abuse of a sound judicial discretion, under such authorities as these: Buford v. Bostick, 50 Tex. 375; Wolf v. Mahan, 57 Tex. 173; Texas & P. Ry. Co. v. Barron, 78 Tex. 421, 14 S. W. 698; Texas & N. O. R. Co. v. Scarborough, 101 Tex. 436, 108 S. W. 804; Huggins v. Carey, 108 Tex. 358, 194 S. W. 133; Lockney State Bank v. Bolin (Tex. Civ. App.) 184 S. W. 553–555; International Life Ins. Co. v. Lester (Tex. Civ. App.) 215 S. W. 351, 352; Standard Life & Accident Ins. Co. v. Askew, 11 Tex. Civ. App. 59, 32 S. W. 31, 32, 33; Payne v. Douglas (Tex. Civ. App.) 241 S. W. 238, 240; Vick v. Schaff (Tex. Civ. App.) 260 S. W. 916, 920; Bull Dog Auto Fire Ins. Ass'n v. Jureski (Tex. Civ. App.) 296 S. W. 672, 673.

It follows from these conclusions that the judgment should be reversed and the cause remanded; it will be so ordered.

Reversed and remanded.