**SMITH et al. v. BRADSHAW et al.**

No. 4549.

Court of Civil Appeals of Texas. Amarillo.

April 6, 1936.

Rehearing Denied May 4, 1936.

Clyde Vinson and B. A. Carter, both of San Angelo, for appellants.

W. A. Johnson and James P. Farrell, both of San Angelo, for appellees.

HALL, Chief Justice.

This is a suit in trespass to try title for the recovery of about twenty acres of land which had been platted into town lots and blocks, and being a portion of Fair Park addition to the city of San Angelo.

The appellants, Mrs. Smith, joined by her husband, were plaintiffs, Mrs. Bradshaw, W. J. Benton, the Fair Park Company, a corporation, and all the stockholders thereof, were joined with several other purchasers of lots in the addition, together with the unknown heirs of each of said parties, as defendants. Only appellee G. W. Schelke answered. W. A. Johnson, who had acquired the interest of W. J. Benton prior to the institution of the suit, by permission of the court, intervened.

The appellants pleaded the three, five, and ten years' statutes of limitation against all of the appellees.

The case was tried to the court without a jury and resulted in a judgment against appellees for certain of the lots included in the entire tract, and against appellants and in favor of appellees for lots 8, 11, and 13 in block 22, lots 8, 9, and 10 in block 23, lots 11 and 12 in block 24, lot 14 in block 25, lots 8 and 9 in block 27, lot 8 in block 28,

lot 12 in block 29, and lot 13 in block 30, in said Fair Park addition, as shown by the plat.

Citation was had upon most of the appellees by publication, and counsel were appointed to represent them.

Johnson alone pleaded the facts constituting avoidance of the plea of ten years' limitation, as provided by Revised Statutes, art. 5511.

Schelke was the record owner of lot 8 in block 23, and Johnson acquired lot 8 in block 22 from Benton. The suit was instituted December 4, 1934.

The court filed findings of facts, the substance of which we state as follows:

That John W. Harris, by warranty deed, conveyed to Fair Park Company, a corporation (reserving the vendor's lien), the entire tract described in plaintiff's petition. That said company subdivided the tracts into lots and blocks, showing streets and alleys, in 1912, filing its map and plat with the dedication deed of the streets and alleys in the office of the county clerk of Tom Green county. That thereafter the Fair Park Company executed warranty deeds to certain lots specifically set out in the findings. That Mrs. Dorothy Smith, as the devisee of her father, John W. Harris, became the owner of the property. That Harris foreclosed his vendor's lien in 1912 upon said tract of land, and recovered a judgment for all of said lots, except the lots specifically described and owned by the appellees herein. That an order of sale was duly issued, and pursuant to said order Harris, by sheriff's deed, became the owner of the property, which deed was filed for record February 14, 1914, in the office of the county clerk of Tom Green county. That as to the lots sold by the Fair Park Company and described in the court's findings, Harris had executed to said company releases which were duly recorded. The court further found that in 1921 Harris erected a barbed wire fence, consisting of four wires, around the property described in plaintiff's petition, and leased the tract to Henry Probst, a dairyman, for grazing purposes. That Probst, as the tenant of Harris, took possession of the tract and remained in possession thereof until Harris' death in 1928, and thereafter, as the tenant of Mrs. Dorothy Smith, plaintiff herein, until January 1, 1934. That Harris claimed all of the lots within the inclosure as his own, adversely, openly, and notoriously to all the world from the time the tract was fenced until his death, and thereafter Mrs. Smith continued to so claim the lots within said inclosure up to the trial of this suit. That Probst maintained a substantial fence around said tract throughout his tenancy, and continuously pastured his herd of dairy cattle therein. That possession of plaintiffs and their predecessor in title was peaceful and had never been disturbed by the institution of any suit.

The fence on the north side of the tract is in an alley, and that a part of the alley lies between the fence on the north side and the north line of the lots in blocks 28, 29, and 30 claimed by plaintiffs under the ten years' statute of limitation, together with lots 8, 13, and 14 in block 28, lot 12 in block 29, and lot 12 in block 30, and that the fence on the south side of this tract is located almost in the middle of Paul boulevard, and that part of this street, varying in width from 88 feet at the west end to 93½ feet at the east end, lies between the fence on the south side and the south line of the lots in blocks 22, 23, and 24, to wit, lots 8, 11, 13 and 14 in block 22, lots 8, 9, 10, 12, 13, and 14 in block 23, and lots 11 and 12 in block 24, claimed by plaintiffs under the ten years statute of limitation. That all the lots claimed by plaintiffs were within said fence, but there was no evidence showing any part of the street on the east side of said tract to lie between the fence on the east side of said tract and the east line of blocks 22, 27, and 28, nor was there any evidence that any part of the street or alley on the west side of said tract lies between the fence on the west side and the west line of blocks 24, 25, and 30. Conversely, there was no evidence that the fence on the west side of the tract was not within the street, and that part of the street did not lie between the fence and the west line of blocks 24, 25, and 30, and there was no evidence that the fence on the east side of said tracts was not within the street, and that part of such street did not lie between the fence and the east line of blocks 22, 27, and 28.

With reference to these lots, the court held that article 5511 was applicable, and that the streets and alleys constituted tracts "owned, claimed or fenced within the meaning of such statute."

The court's conclusions of law are evidently based upon the mistaken theory that the ownership of the lots abutting upon the alleys and Paul boulevard did not extend to the middle of said street and alleys. This was error.

Revised Statutes, art. 5511, provides: "A tract of land owned by one person, entirely surrounded by a tract or tracts owned, claimed or fenced by another, shall not be considered inclosed by a fence inclosing the circumscribing tract or tracts, or any part thereof; nor shall the possession by the owner or claimant of such circumscribing land of such interior tract be the peaceable and adverse possession contemplated by Article 5510 unless the same be segregated and separated from the circumscribing land by a fence, or unless at least one-tenth thereof be cultivated and used for agricultural purposes, or used for manufacturing purposes."

The law is settled in Texas that deeds conveying town lots which are bounded by streets and highways presumptively carry with them the fee to the center of the street, alley, or highway which constitutes the dividing line between the lots or blocks conveyed and other lots abutting upon said streets or highways, unless the grantor expressly, by necessary implication, evidences a contrary intention. The common-law doctrine to the effect that the conveyance presumptively carries with it the fee to the center of such street as the dividing line rests upon the presumption that the grantor had no intention of withholding his interest in the street or road after parting with all right and title to the adjoining land. This, however, carries with it the right of the public to an easement over such street or highway. Texas Bitulithic Co. v. Warwick (Tex.Com.App.) 293 S.W. 160, 161; Magnolia Petroleum Company v. Caswell (Tex.Civ.App.) 295 S.W. 653; 7 Tex.Jur. pp. 129–132.

None of the defendants, except Johnson, pleaded that the respective lots claimed by each had not been segregated and separated from the circumscribing land by a fence, nor that one-tenth of the land had been cultivated and used for agricultural purposes, or had been used for manufacturing purposes.

In Huling v. Moore (Tex.Civ.App.) 194 S.W. 188, Judge Moursund said that the exceptions mentioned in this article of the statute are matters in avoidance of limitation, unnecessary to be negatived by the party who pleads limitation. The rule is established by numerous cases that the defendant, under such circumstances, must plead the facts preventing the running of the statutes of limitation. Amsler v. Cavitt (Tex.Civ.App.) 271 S.W. 139; Didier v. Woodward (Tex.Civ.App.) 232 S.W. 563; Gillis v. Rosenheimer, 64 Tex. 243.

For the reasons stated, the judgment is affirmed as to Johnson, and is reversed and the cause remanded as to all other parties.